## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JUDITH VELAZQUEZ and      :
FERNANDO VELAZQUEZ      :
23 Sunset Lane      :
Levittown, PA 19055      :      CIVIL ACTION COMPLAINT
     :
     and      :
     :
STATE FARM FIRE AND      :
CASUALTY COMPANY      :
One State Farm Plaza      :      JURY TRIAL OF 12 DEMANDED
Bloomington, IL 61701      :

## CIVIL CLASS ACTION COMPLAINT

Plaintiffs, Judith Velazquez and Fernando Velazquez ("Velazquez"), on behalf of itself and all others similarly situated, by and through its undersigned counsel Wheeler, DiUlio & Barnabei, PC, hereby file this Amended Civil Class Action Complaint against Defendant, State Farm Fire and Casualty Company and any of its other entities, subsidiaries, and/or corporations (hereinafter "State Farm"), as follows:

### I.     THE PARTIES

1.     Plaintiffs, Velazquez, are adult individuals residing at the address set forth above. Plaintiff brings this class action individually and on behalf of a putative class of persons defined as all former or current Pennsylvania property owners, either persons or entities, (as defined herein, the "Class")  who purchased or maintained insurance, for home, condominium, or other property, in the past 6 years from the date of this filing, which was insured under a policy issued by Defendant, State Farm Fire and Casualty Company or any of its subsidiaries or other entities; for which the policy contains the Amendatory Endorsement FE-2340; who put in a claim for damage as the result of water damage to their insured property which included a claim to access the broken line or system; were denied coverage for their damage, in whole or in part, for access and related damages citing FE-2340 by Defendant.

2.      Defendant, State Farm Fire and Casualty Company and any of its other entities, subsidiaries, and/or corporations, is a corporation duly organized and existing which is authorized to conduct business as an insurance company within the Commonwealth of Pennsylvania and maintains a place of business for that purpose at the address set forth above.

3.      At all times material hereto, State Farm was acting by and through its duly authorized agents, servants, workmen or employees acting within the course and scope of their employment and on the business of said employer.

## II.     JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over the parties to this action pursuant to 28 U.S.C. §1332(d) because the matter in controversy exceeds Five Million ($5,000,000.00) Dollars exclusive of interest and costs, and because the members of the putative Class are citizens of States different from that of the Defendant.

5.      Venue is proper in the United States District Court for the Eastern District of Pennsylvania under 28 U.S.C. §1391 since a substantial part of the events or omissions giving rise to the claims in this action occurred within the Eastern District of Pennsylvania, Defendant regularly conducts business and issues policies within the Eastern District of Pennsylvania and would be subject to personal jurisdiction within this District pursuant to 28 U.S.C. § 1391(d). Defendant implemented their misleading and deceptive endorsement, discussed elsewhere in this class action complaint, in this District through agents, servants, workmen or employees who reside and/or transact business in this District and thereby affected Class Members, who similarly reside or transact business in this District.

## III.    CLASS ACTION ALLEGATIONS

6.      This case is properly maintainable as a Class action pursuant to and in accordance with Federal Rule of Civil Procedure ("F.R.C.P."), Rule 23(a), and 28 U.S.C. §1332(d), inter alia:

        a.      On belief, the Class is so numerous that joinder of all members is impractical. Although the size of the Class is not specifically known, the number of Class members is substantial.

        b.      There are substantial questions of law and fact common to the Class.

        c.      The claims of the representative plaintiff are typical of the claims of the members of the Class.

        d.      The representative Plaintiff will fairly and adequately protect the interests of the Class under the criteria set forth in F.R.C.P. 23.

        e.      A class action under the circumstances discussed herein provides the most fair and efficient method for adjudication of the controversy under the criteria set forth in F.R.C.P. 23.

      7.      This case is properly maintainable as a Class action pursuant to and in accordance with F.R.C.P. 23(b)(3).

        a.      The issues-of fact common to the members of the Class, as required by Local Rule of Civil Procedure ("Local Rule") for the Eastern District of Pennsylvania, 23.1(b)(2)(D).

        b.      The questions of law common to the members of the Class, as required by Local Rule 23.1(b)(2)D).

        c.      The questions of law and the questions of fact predominate for the Class over any questions of law and/or fact affecting only individual members of the Class.

        d.      A Class action is superior to any other action for the fair and efficient adjudication of the controversy as the commonality of factual and legal questions for the Class are overwhelmingly predominant.

e.      As the questions of law and of fact are common to the members of the Class, and considering the prospective individual damages at issue, the interests of the members of the Class will best be controlled and served by this action.

f.      The prosecution of separate claims would most likely create varying or inconsistent adjudications and incompatible standards of conduct.

g.      There is no reason why the litigation should not proceed in this particular forum.

h.      There are no unusual difficulties foreseen to be encountered in the management of this Class action.

i.      Plaintiff has no conflict of interest in the maintenance of the Class Action.

j.      Plaintiff's attorneys have more than thirty-five(35) years of combined experience in handling and litigating complex homeowners' insurance coverage disputes and bad faith claims; Plaintiff's attorneys have Class Action experience, and sufficient financial resources are available to assure that the interest of the Class will be protected.

k.      Plaintiff is not aware of any similar actions involving similar issues with the same defendant having been filed in the United States District Court for the Eastern District of Pennsylvania, or in any Court.

l.      The claims by Plaintiff, and for and on behalf of the members of the Class, are justified as a Class action for the reason that, although the size of the Class is not specifically known, the number of Class members is substantial.

8.      A Class action is superior to any other action for the fair and efficient adjudication of the controversy as the commonality of factual and legal questions for the Class is overwhelmingly predominant.

9.      As the questions of law and of fact are common to the members of the Class, and considering the prospective individual damages at issue, the interests of the members of the Class will best be controlled and served by this action.

10.     The claims by Plaintiff, and for and on behalf of the members of the Class, are justified as a Class action for the reason that the causes of action for the Plaintiff are the same causes of action for all of the members of the Class derived from the following issues:

a.      Plaintiff and all members of their Class have been issued property insurance policies by State Farm that included the Amendatory Endorsement FE-2340;

b.      Plaintiff and all members of their Class have suffered property damage loss to insured property;

c.      Plaintiff and all members of their Class have been refused payment based upon State Farm's reduced coverage endorsement that was presented as not intending to reduce coverage;

d.      State Farm has breached its policy of insurance with Plaintiff and members of their Class by interpreting the portion of the Policy, advertised as additional coverage, as actually reducing coverage;

e.      State Farm has acted in bad faith by interpreting the portion of the Policy, advertised as additional coverage, as actually reducing coverage;

f.      State Farm's notice and policy endorsement is deceptive thereby violating Pennsylvania's Consumer Protection Law.

11.     The above-named Plaintiff bring this action on their own behalf and on behalf of all persons whose claims were denied or underpaid under the terms of Amendatory Endorsement FE-2340.

12.     This case is brought on behalf of the following class:

> All former or current Pennsylvania property owners, either persons or entities, who purchased or maintained insurance, for home, condominium, landlord, or other property, in the past 6 years from the date of this filing, which was insured under a policy issued by Defendant, State Farm Fire and Casualty Company or any of its subsidiaries or other entities; for which the policy contains the Amendatory Endorsement FE-2340; who put in a claim for damage as the result of water damage to their insured property which included a claim to access the broken line or system; were denied coverage for their damage, in whole or in part, for access and related damages citing FE-2340 by Defendant.

## IV.   **INDIVIDUAL PLAINTIFF'S CAUSES OF ACTION**

13.     Plaintiff incorporates by reference the facts and allegations contained in the foregoing paragraphs as though fully set forth hereinafter at length.

14.     Defendant, in its regular course of business issued to Plaintiff a policy of insurance ("the Policy") covering Plaintiffs' property located at the address set forth above. ("the Property").   A true and correct copy of said policy is attached hereto and incorporated herein as Exhibit "A."

15.     Within the twenty-five (25) page document entitled, "State Farm Homeowners Policy" (Form FP-7955), which purports to be "one of the broadest forms available today," Plaintiff was issued the following coverage with respect to accessing a water or steam leak:

> "Section 1 - Losses Not Insured:
> …
> … If loss to covered property is caused by water or steam not otherwise excluded, we will cover the cost of tearing out and replacing any part of the building necessary to repair the system or appliance."  (See, Exhibit "A" at Cover; p. 9 [of 25])

16.     At some point thereafter, Amendatory Endorsement FE-2340 was added to the policy.

17.     When Amendatory Endorsement FE-2340 was added to the policy, it included the language stating that this endorsement was "not intended to change coverage".

18.     Under the guise of being called an "Additional Coverage" for "Tear Out," this amendatory endorsement makes the following changes to the policy:

---

**FE-2340 AMENDATORY ENDORSEMENT**

**DECLARATIONS CONTINUED**

The following is added:

When you request changes to this policy, or the information or factors used to calculate the premium for this policy changes during the policy period, we may adjust the premium in accordance with the change during the policy period and you must pay any additional premium due within the time we specify.

**SECTION I – ADDITIONAL COVERAGES**

The following is added:

13. **Tear Out.** If a Loss Insured to Coverage A property is caused by water or steam escaping from a

(1) heating, air conditioning or automatic fire protective sprinkler system;

(2) household appliance; or

(3) plumbing system, including from, within or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walls, ceilings or floors;

which occurs over a period of time;

system or appliance, we will also pay the reasonable cost you incur to tear out and replace only that particular part of the building or condominium unit owned by you necessary to gain access to the specific point of that system or appliance from which the water or steam escaped. We will not cover the cost of repairing or replacing the system or appliance itself. This coverage does not increase the limit applying to Coverage A property.

**SECTION I – LOSSES NOT INSURED**

Item 1.f. is replaced by the following:

f. continuous or repeated seepage or leakage of water or steam from a:

FE-2340C
Page 2 of 2

---

19.     This change in the policy reduces the amount of coverage offered by State Farm.

20.     Specifically, the "access" or "tear out" coverage reduces from "the cost of tearing out and replacing *any part of the building necessary to repair the system or appliance*" to "the reasonable cost you incur to tear out *only that particular point of that system or appliance from which the water or steam escaped*" (emphasis added).

21.     This reduction in coverage was made unilaterally by State Farm.

22.     State Farm did not provide the Plaintiff with a choice of accepting or rejecting the addition of this endorsement to the Policy.

23.     State Farm has never provided notice to Plaintiff that they may elect for optional coverage that removes this endorsement from the Policy  (See, Exhibit "A" at "Homeowners Available Coverage Notice").

24.     State Farm did not provide an adjustment in Plaintiffs' insurance premium or any other consideration for the inclusion of this endorsement.

25.     On or about September 22, 2018, while the Policy was in full force and effect, Plaintiff suffered direct physical loss and damage to the insured Property believed to be the result of a peril insured against under the Policy, specifically, escape of water from within the homes plumbing system, resulting in damage to the insured premises which required access to the plumbing line to properly repair the system.

26.     The release of water from within the homes plumbing system, including but not limited to, the supply lines, drain lines, shower, shower pan, and associated plumbing, is a covered loss under the policy.

27.     Notice of this covered loss was given to Defendant in a prompt and timely manner and Plaintiff, at all relevant times, fully complied with all of the terms and conditions required by the Policy.

28.     Defendant accepted partial coverage of this loss, including, but not limited to repairs as a result of the water damage and a small amount to cover a portion of the access necessary to repair the plumbing line.

29.     Plaintiffs' plumber, McClaim Bros. was retained to access and repair the broken plumbing line, the access of which cost $6,450  A true and correct copy of the plumbing access invoice is attached hereto and incorporated herein as Exhibit "B."

30.     State Farm did not pay for the entire access bill.

31.     Under the insurance policy issued before FE-2340, this entire access bill would have been covered under the insurance policy.

32.     As a policy of insurance, the contract is a contact of adhesion.  Plaintiff and State Farm are not of equal bargaining power, and Plaintiff was forced to adhere to the terms of the form contract, which were not negotiable.

33.     The exclusionary nature of the amendatory endorsement in question unreasonably favors State Farm in that it only takes away coverage that had been previously afforded to Plaintiff through the "Homeowners Policy," Form FP-7955 and provided no benefit, premium reduction and/or other consideration to Plaintiff.

34.     Thus, this endorsement is unconscionable.

35.     The endorsement is also unenforceable as a violation of the reasonable expectations of the insured.

36.     Under certain circumstances, Pennsylvania law enables the Court to effect the reasonable expectation of a policy holder, even when it contravenes clear and unambiguous language of the contract.

37.     Here, under the terms of "Homeowners Policy," Form FP-7955, State Farm created an objective expectation that "the cost of tearing out and replacing *any part of the building necessary to repair the system or appliance*" would be covered.  This coverage is clearly expressed in the terms of "Homeowners Policy," Form FP-7955.

38.     Then, State Farm, in essence, limits and/or restricts this coverage under the guise of being called an "Additional Coverage," without expressly stating how that limitation would affect the enumerated already-provided coverage.

39.     This interpretation of the contract would give Plaintiff less coverage than an ordinary person would reasonably expect after reading the policy, and it therefore unenforceable.

40.     Defendant, despite demand for benefits under the Policy, has refused, without legal justification or cause, and continues to refuse, to pay to Plaintiff monies owed for the damages suffered as a result of the Loss.

41.     As a direct and factual result of Defendant's breach of contract, Plaintiff has been denied the benefits of its bargain with State Farm.

42.    Solely as a result of Defendant's failure and refusal to pay benefits to Plaintiff as required under the Policy, Plaintiff has suffered loss and damage in an amount in excess of $50,000.00.

## COUNT I
### In Assumpsit - Breach of Contract

43.    Plaintiff incorporates by reference the facts and allegations contained in the foregoing paragraphs as though fully set forth hereinafter at length.

44.    Defendant is obligated by the terms of the contract to indemnify Plaintiff's loss.

45.    Despite submission of reasonable proof and demand for full and complete payment with respect to Plaintiffs' Loss, Defendant has not paid to Plaintiff all of the policy benefits to which they are entitled under the Policy and has refused to provide funds sufficient to bring Plaintiff's home to pre-loss condition.

46.    Defendant's denial of coverage was made without a reasonable basis in fact.

47.    Defendant did not act in good faith while adjusting this claim and enforcing the contract.

48.    Defendant's refusal to indemnify Plaintiffs' loss constitutes a breach of the insurance contract.

**WHEREFORE**, Plaintiff demands judgment against Defendant in an amount in excess of $50,000.00, together with interest and court costs.

## COUNT II
### CLAIM AS A RESULT OF STATE FARM'S VIOLATION OF
### 42  a.C.S.A. SECTION 8371

49.    Plaintiff incorporates by reference herein the averments set forth in the foregoing paragraphs of Plaintiff's Complaint, as fully as though same were here set forth at length.

50.    Defendant has engaged in bad faith conduct toward Plaintiff with respect to its adjustment of Plaintiffs' covered loss in violation of 42 Pa.C.S.A. Section 8371 et seq.

51.    In furtherance of its bad faith and wrongful denial and refusal to pay benefits for Plaintiffs' covered loss, defendant acting by and through its duly authorized agent, servant, workman or employees, has engaged in the following conduct:

      a.  by interpreting the portion of the Policy, advertised as "Additional Coverages," as actually reducing coverage;

      b.  by selling additional coverage with the knowledge and belief that the coverage would in fact reduce coverage;

      c.  by misleading Plaintiff into believing that they had coverage for access while never intending to cover all access charges;

      d.  by arbitrarily taking coverage away from Plaintiff and titling this elimination of coverage as "Additional Coverages," with no legal or factual basis;

      e.  by misrepresenting to Plaintiff that they are being provided "Additional Coverages," when in fact, coverage is being taken away, when Defendant knew, or in the exercise of reasonable care should have known, that such misrepresentation was wholly without legal or factual basis;

      f.  in unnecessarily and unreasonably compelling Plaintiff to institute this lawsuit to obtain policy benefits for a covered loss which State Farm should have paid promptly and without the necessity of litigation;

      g.  in unreasonably withholding a benefit due and owing under the policy issued by State Farm;

      h.  in acting unreasonably and unfairly in response to Plaintiffs' claim.

52.    For the reasons set forth above, State Farm has acted in bad faith and in violation of 42 Pa.C.S.A. Section 8371 rendering State Farm liable for statutory damages including interest from the date the claim was made in an amount equal to the prime rate of interest plus

3%, court costs, attorney's fees, punitive damages and such other compensatory and/or consequential damages as are permitted by law.

53.     The practice of State Farm in interpreting the portion of the Policy, advertised as "Additional Coverages," despite the intention to reduce coverage, has been perpetrated by State Farm maliciously and in conscious disregard for the rights of its policyholders solely for the financial advantage of State Farm thereby rendering State Farm liable for punitive damages.

**WHEREFORE**, Plaintiff demands judgment against State Farm for compensatory damages including costs, counsel fees, interest, punitive damages and such other relief as the Court may deem equitable and just.

<u>COUNT III</u>
**CLAIM AS A RESULT OF STATE FARM'S VIOLATION OF THE UNFAIR TRADE PRACTICES CONSUMER PROTECTION ACT**

54.     Plaintiff incorporate by reference herein the averments set forth in the foregoing paragraphs of Plaintiffs' Complaint as fully as though same were here set forth at length.

55.     State Farm, acting by and through its duly authorized agents, servants, workmen or employees acting within the course and scope of their employment and on the business of said employer, made material misrepresentations of fact concerning the nature and quality of the policy of insurance issued by State Farm for the sole purpose of inducing justifiable reliance by Plaintiff in the premiums for a policy of insurance which Defendant represented would protect Plaintiff's interest in the premises, when State Farm knew that these representations were false, fraudulent and misleading.

56.     Unfair or deceptive acts or practices are defined by 73 P.S. § 201-2(4) to include, *inter alia*: Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have; Advertising goods or services with intent not to sell them as advertised; and Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.

57.     The Policy's "Access Coverage" provision, although advertised as "Additional Coverages," actually eliminates/limits coverage which is otherwise provided under the terms of "Homeowners Policy," Form FP-7955. Defendant materially misrepresented the nature and quality of coverage to Plaintiff, who justifiably relied on those misrepresentations.

58.     Plaintiff justifiably relied upon the material misrepresentations made by Defendant concerning the nature and quality of the policy of insurance issued by State Farm and, as a result of such reliance, suffered those damages and losses set forth above.

**WHEREFORE**, Plaintiff demands judgment against State Farm for compensatory damages, interest, costs of suit, damages for delay, counsel fees and treble and punitive damages as provided by law.

### COUNT IV
### 40 P.S. § 1171.1 – 1171.5

58.     Plaintiff incorporates by reference the facts and allegations contained in the foregoing paragraphs as though fully set forth hereinafter at length.

59.     Defendant is a "Person" as defined by the Unfair Insurance Practices Act.

60.     Defendant engaged in unfair or deceptive acts and practices by:

a.     Misrepresenting the benefits, advantages, conditions or terms of any insurance policy;

b.     Making statements, either orally or in correspondence, with respect to the insurance coverages where were untrue, deceptive, and/or misleading;

c.     Misrepresenting pertinent facts or policy or contract provisions relating to coverages at issue;

d.     Failing to acknowledge and act promptly upon written or oral communications with respect to claims arising under insurance policies

e.     Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

f.     Refusing to pay claims without conducting a reasonable investigation based upon all available information;

g.     Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which the company's liability under the policy has become reasonably clear;

h.     Compelling Plaintiff to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts due;

i.     Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

j.     Otherwise failing to comply with Pennsylvania's Unfair Insurance Practices Act.

**WHEREFORE**, Plaintiffs demand judgment against Defendant in an amount in excess of $50,000.00 together with interest and court costs as provided by law.

## COUNT V
### 31 Pa. Code § 146.1

61.     Plaintiff incorporates by reference the facts and allegations contained in the foregoing paragraphs as though fully set forth hereinafter at length.

62.     Defendant is an "Insurer" as defined by Pennsylvania's Unfair Claims Settlement Practices Act.

63.     Plaintiff is an "Insured" and "First-party claimant" as defined by Pennsylvania's Unfair Claims Settlement Practices Act.

64.     Defendant failed to fully disclose Plaintiffs' pertinent benefits and coverages afforded by the policy of insurance issued by Defendant.

65.     Defendant failed to acknowledge pertinent communications within 10 working days.

66.     Defendant failed to respond to pertinent communications within 10 working days.

67.     Defendant failed to complete a prompt investigation of Plaintiff's claim.

68.     Defendant failed to provide a prompt, fair, and equitable settlement.

69.     Defendant otherwise failed to comply with Pennsylvania's Unfair Claims Settlement Practices Act.

**WHEREFORE**, Plaintiff demands judgment against Defendant in an amount in excess of $50,000.00 for compensatory damages, interest, costs of suit, damages for delay, counsel fees and punitive damages as provided by law.


V.     **CLASS ACTION CAUSES OF ACTION**

**COUNT VI**
**CLASS ACTION - Breach of Contract**

70.     Plaintiff incorporates by reference herein the facts and allegations contained in the foregoing paragraphs as fully as though same were here set forth at length.

71.     State Farm has breached its policies of insurance with Plaintiff and members of their Class by interpreting and enforcing the portion of the Policy, advertised additional coverage, as actually reducing coverage.

72.     By reason of State Farm's breach of contract, Plaintiff and members of their Class have not received proper indemnification under their policies of insurance with State Farm. The amount due to each and every member of Plaintiffs' Class will be determined.

**WHEREFORE**, Plaintiff demands judgment against Defendant in an amount in excess of $50,000.00, together with interest and court costs.

## COUNT VII
## CLASS ACTION - BAD FAITH

73.      Plaintiff incorporates by reference herein the facts and allegations set forth in the foregoing paragraphs as fully as though same were here set forth at length.

74.      State Farm has engaged in bad faith conduct toward Plaintiff with respect to its adjustment of Plaintiff's covered loss in violation of 42 Pa.C.S.A. Section 8371 et seq.

75.      In furtherance of its bad faith and wrongful denial and refusal to pay benefits for Plaintiff's covered loss, State Farm acting by and through its duly authorized agent, servant, workman or employees, has engaged in the following conduct:

a.          by interpreting the portion of the Policy, advertised as "Additional Coverages," as actually reducing coverage;

b.          by selling additional coverage with the knowledge and belief that the coverage would in fact reduce coverage;

c.          by misleading Plaintiff into believing that they had coverage for access while never intending to cover all access charges;

d.          by arbitrarily taking coverage away from Plaintiff and titling this elimination of coverage as "Additional Coverages," with no legal or factual basis;

e.          by misrepresenting to Plaintiff that they are being provided "Additional Coverages," when in fact, coverage is being taken away, when Defendant knew, or in the exercise of reasonable care should have known, that such misrepresentation was wholly without legal or factual basis;

    f.    in unnecessarily and unreasonably compelling Plaintiff to institute this lawsuit to obtain policy benefits for a covered loss which State Farm should have paid promptly and without the necessity of litigation;

    g.    in unreasonably withholding a benefit due and owing under the policy issued by State Farm;

    h.    in acting unreasonably and unfairly in response to Plaintiffs' claim.

76.  State Farm's action in interpreting the portion of the Policy, advertised as additional coverage, actually reduces coverage offered to the class and is frivolous and unfounded.

77.  State Farm's improper limitation of this benefit was done without any reasonable basis in law or fact and in reckless disregard of State Farm's fiduciary responsibility to treat Plaintiff and members of their Class in a fair and impartial manner.

78.  Finally, State Farm's conduct was motivated by financial self-interest and was accomplished with reckless indifference to the rights of Plaintiff and members of their Class.

79.  For the reasons set forth above, State Farm has acted in bad faith and in violation of Pa.C.S.A. Section 8371 rendering State Farm liable for statutory damages including interest from the date the claim was made in an amount equal to the prime rate of interest plus 3%, court costs, attorney's fees, punitive damages and such other compensatory and/or consequential damages as are permitted by law.

80.  The practice of State Farm in interpreting the portion of the Policy, advertised as additional coverage despite the intention to never provide this additional coverage has been perpetrated by State Farm maliciously and in conscious disregard for the rights of its policyholders solely for the financial advantage of State Farm thereby rendering State Farm liable for punitive damages.

81.    State Farm has engaged in bad faith conduct toward Plaintiff and members of their Class and have treated Plaintiff and members of their Class unreasonably with respect to the payment of benefits for their covered losses in violation of 42 Pa.C.S.A. Section 8371.

82.    As a result of State Farm's bad faith conduct, Plaintiff has been forced to commence the present litigation and have incurred and will incur costs, expenses and counsel fees.

**WHEREFORE**, Plaintiff demands judgment against State Farm for compensatory damages including costs, counsel fees, interest, punitive damages and such other relief as the Court may deem equitable and just.

## <u>COUNT VIII</u>
### CLASS ACTION – UNFAIR TRADE PRACTICES CONSUMER PROTECTION LAW

83.    Plaintiff incorporates by reference herein the facts and allegations set forth in the foregoing paragraphs as fully as though same were here set forth at length.

84.    State Farm, acting by and through its duly authorized agents, servants, workmen or employees acting within the course and scope of their employment and on the business of said employer, made material misrepresentations of fact concerning the nature and quality of the policy of insurance issued by State Farm for the sole purpose of inducing justifiable reliance by Plaintiff and members of their class in the premiums for a policy of insurance which Defendant represented would protect Plaintiffs' and the members of their class' interest in the premises, then Defendant knew that these representations were false, fraudulent and misleading.

85.    Unfair or deceptive acts or practices are defined by 73 P.S. § 201-2(4) to include, *inter alia*: Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have; Advertising goods or services with intent not to sell them as advertised; and Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.

86.     The Policy's "Access Coverage" provision, although advertised as "Additional Coverages," actually eliminates/limits coverage which is otherwise provided under the terms of "Homeowners Policy," Form FP-7955. Defendant materially misrepresented the nature and quality of coverage to Plaintiff and members of their class, who justifiably relied on those misrepresentations.

87.     Plaintiff and members of their class justifiably relied upon the material misrepresentations made by Defendant concerning the nature and quality of the policy of insurance issued by State Farm and, as a result of such reliance, suffered those damages and losses set forth above.

**WHEREFORE**, Plaintiff demands judgment against State Farm for compensatory damages, interest, costs of suit, damages for delay, counsel fees and treble and punitive damages as provided by law.

### COUNT IX
### CLASS ACTION - 40 P.S. § 1171.1 – 1171.5

88.     Plaintiff incorporates by reference the facts and allegations contained in the foregoing paragraphs as though fully set forth hereinafter at length.

89.     Defendant is a "Person" as defined by the Unfair Insurance Practices Act.

90.     Defendant engaged in unfair or deceptive acts and practices by:

a.     Misrepresenting the benefits, advantages, conditions or terms of any insurance policy;

b.     Making statements, either orally or in correspondence, with respect to the insurance coverages where were untrue, deceptive, and/or misleading;

c.     Misrepresenting pertinent facts or policy or contract provisions relating to coverages at issue;

d.    Failing to acknowledge and act promptly upon written or oral communications with respect to claims arising under insurance policies

e.    Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

f.    Refusing to pay claims without conducting a reasonable investigation based upon all available information;

g.    Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which the company's liability under the policy has become reasonably clear;

h.    Compelling Plaintiff to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts due;

i.    Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

j.    Otherwise failing to comply with Pennsylvania's Unfair Insurance Practices Act.

**WHEREFORE**, Plaintiffs demand judgment against Defendant in an amount in excess of $50,000.00 together with interest and court costs as provided by law.

## COUNT X
## CLASS ACTION - 31 Pa. Code § 146.1

91.    Plaintiff incorporates by reference the facts and allegations contained in the foregoing paragraphs as though fully set forth hereinafter at length.

92.    Defendant is an "Insurer" as defined by Pennsylvania's Unfair Claims Settlement Practices Act.

93.     Plaintiff is an "Insured" and "First-party claimant" as defined by Pennsylvania's Unfair Claims Settlement Practices Act.

94.     Defendant failed to fully disclose Plaintiffs' pertinent benefits and coverages afforded by the policy of insurance issued by Defendant.

95.     Defendant failed to acknowledge pertinent communications within 10 working days.

96.     Defendant failed to respond to pertinent communications within 10 working days.

97.     Defendant failed to complete a prompt investigation of Plaintiffs' claim.

98.     Defendant failed to provide a prompt, fair, and equitable settlement.

99.     Defendant otherwise failed to comply with Pennsylvania's Unfair Claims Settlement Practices Act.

**WHEREFORE**, Plaintiff demands judgment against Defendant in an amount in excess of $50,000.00 for compensatory damages, interest, costs of suit, damages for delay, counsel fees and punitive damages as provided by law.

## VI.     <u>REQUESTED RELIEF</u>

100.     The following relief is requested by Plaintiff and members of Plaintiffs' Class:

a.     certification of this case as a Class action;

b.     compensatory damages to Plaintiff in the amount of money due as a result of State Farm interpreting the portion of the Policy, advertised as "Additional Coverages," as actually eliminating/limiting coverage which is otherwise provided in the policy and was provided in previous policies, and such compensatory damages to each member of the Class in an amount to be determined, including interest on said amounts for Plaintiff and members of their Class;

      c.     damages pursuant to Pennsylvania's Bad Faith Statute 42 Pa.C.S.A. Section 8371, 73 P.S. § 201-2(4), 40 P.S. § 1171.1 – 1171.5, and 31 Pa. Code § 146.1;

      d.     an order of the Court declaring the rights of the respective parties;

      e.     litigation costs and counsel fees;

      f.     administrative costs and expenses incurred in the Class certification process;

      g.     an Order of the Court requiring State Farm rescind the above endorsement;

      h.     and such additional relief as the Court may deem necessary and proper.

WHEELER, DiULIO & BARNABEI, P.C.

BY: _____

ANTHONY DiULIO, ESQUIRE
Attorney I.D. No.: 312763
One Penn Center - Suite 1270
1617 JFK Boulevard
Philadelphia, PA 19103
(215) 568-2900
*Attorney for Plaintiff*

Dated:  July 17, 2019